CHARLES D. MAY, ESQ. (Bar No. 129663)
GENE B. SHARAGA, ESQ. (Bar No. 131661)
STEVE PYUN, ESQ. (Bar No. 253563)
**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California  91403-3221**
**Telephone:  (818) 205-9955**
**Facsimile:   (818)205-9944**
E-Mail: cmay@tharpe-howell.com
E-Mail: gsharaga@tharpe-howell.com
E-Mail: spyun@tharpe-howell.com

JS - 6

Attorneys for Defendant,
    LOWE'S HIW, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| DIANE HINES, an individual; and CHARLES HINES, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HIW, INC., a Washington corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO. EDCV11-1443 DOC(SPx)<br><br>(Riverside County Superior Court Case No. INC 1105485)<br><br>**ORDER REMANDING CASE TO SUPERIOR COURT** |

## I.  BACKGROUND

On or about July 6, 2011, Plaintiffs DIANE HINES and CHARLES HINES commenced the above-entitled civil action in the Superior Court for the County of Riverside by filing a Complaint therein entitled *DIANE HINES, an individual; and CHARLES HINES, an individual v. LOWE'S HIW, INC., a Washington corporation; and DOES 1 to 100, inclusive*, Case No. INC 1105485.

Plaintiffs' complaint for negligence/premises liability arises out of an alleged incident that took place on August 22, 2009, while plaintiff DIANE HINES was shopping in Defendant LOWE'S HIW, INC.'s ("defendant") retail store

- 1 -
**REMAND ORDER**

located in Palm Springs, California.  On that date, plaintiff DIANE HINES allegedly slipped and fell on a slippery substance while shopping in defendant's store.  Plaintiff CHARLES HINES seeks to recover for loss of consortium arising from personal injuries allegedly sustained by his spouse, DIANE HINES, in the incident that is the subject of her claims in this action.

Because California courts prohibit the inclusion of *ad damnun* clauses in complaints for personal injuries, plaintiffs each served a Statement of Damages pursuant to *California Code of Civil Procedure* § 425.11.  After plaintiff DIANE HINES submitted a Statement of Damages in excess of $75,000, defendant removed the matter to federal court pursuant to 28 U.S.C. §§ 1332, 1441 and 1367.

The parties have now agreed and stipulated to limit any and all recovery of damages by plaintiff DIANE HINES in this matter at $75,000 or less, as evidenced by the Stipulation Capping Plaintiff's Damages and Recovery at $75,000, executed by both plaintiff DIANE HINES and her counsel.  Accordingly, the parties seek an order from this Court remanding the case to the Superior Court of California, County of Riverside, Case No. INC 1105485.

## II.  ANALYSIS

United States Code, Title 28, Section 1447(c), provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*."  (Emphasis added).  In light of the parties' stipulation limiting any and all recovery by plaintiff DIANE HINES to $75,000 or less, this Court to lacks subject matter jurisdiction and must, therefore, remand the case to state court pursuant to 28 U.S.C. § 1447(c).  *See Bruns v. NCUA* 122 F.3d 1251, 1257 (9th Cir. 1997) ("Section 1447(c) is mandatory, not discretionary.")

//
//

### III. CONCLUSION

Because the amount in controversy does not exceed $75,000, this Court lacks subject matter jurisdiction in the present case. Accordingly, the case is **REMANDED** to the Superior Court of California, County of Riverside, Case No. INC 1105485.

SO ORDERED this 23rd day of November, 2011.

_____
DAVID O. CARTER
United States District Court Judge